**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FERDINAND REYNOLDS,

Plaintiff - Appellant,

v.

DR. KIRK GERSTEL, D.D.S.,

Defendant - Appellee.

No. 13-17197

D.C. No. 1:09-cv-00680-SAB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Stanley A. Boone, Magistrate Judge, Presiding

Argued and Submitted November 19, 2015
San Francisco, California

Before: FERNANDEZ and M. SMITH, Circuit Judges, and SCHEINDLIN,[**]
Senior District Judge.

Ferdinand Reynolds appeals the district court's denial of a motion for a

continuance. We affirm. As the facts and procedural history are familiar to the

parties, we do not recite them here except as necessary to explain our disposition.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Shira Ann Scheindlin, Senior District Judge for the
U.S. District Court for the Southern District of New York, sitting by designation.

We review the decision to deny a request for a continuance for abuse of discretion. *United States v. Kloehn*, 620 F.3d 1122, 1126-27 (9th Cir. 2010). To determine if the district court abused its discretion, we consider four factors established in *United States v. Flynt*, 756 F.2d 1352, 1359 (9th Cir. 1985):

1. "[t]he extent of appellant's diligence in his efforts to ready his defense prior to the date set for hearing";
2. "[h]ow likely it is that the need for a continuance could have been met if the continuance had been granted";
3. "[t]he extent to which granting the continuance would have inconvenienced the court and the opposing party, including its witnesses";
4. "[t]he extent to which the appellant might have suffered harm as a result of the district court's denial."

The test is not "mechanical," but an appellant must, at minimum, show prejudice in order to succeed. *Kloehn*, 620 F.3d at 1127.

In denying the motion, the district court found that prison correction officers gave Reynolds "ample opportunity" to retrieve his legal materials "both personally and the officer agreed to get it for him" before they transported Reynolds to court. Reynolds declined these opportunities to collect his legal materials because he believed that under California law he was entitled to retrieve both his personal and legal property when being transported to court. The district court determined that, even if he was correct, Reynolds placed "form over substance" when he refused the

opportunity to retrieve only his legal materials, and this refusal constituted "a waiver [of their use] by the plaintiff."

There is no clear error in these factual findings, and as such they are dispositive. Reynolds chose not to bring his legal materials with him to trial and because of this decision any resulting prejudice was of his own doing. In any event, Reynolds has failed to articulate how his materials would have aided him in overcoming the testimony of numerous expert witnesses presented by Gerstel. While the inconvenience to the court would have been minor and a continuance surely would have been useful in allowing Reynolds to collect his legal materials, Reynolds has not demonstrated either diligence or prejudice.

For these reasons, we conclude that the district court's denial of a continuance was not an abuse of discretion.

**AFFIRMED.**